# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

FILED
at 2 O'clock & 25 min P M
Date 6/24/2005

United States Bankruptcy Court
Savannah, Georgia

In the matter of: )
 )  Chapter 13 Case
TREVOR EUGENE COCKERHAM )
 )  Number <u>05-40150</u>
       *Debtor* )

## ORDER ON MOTION FOR RELIEF FROM CODEBTOR STAY

Debtor filed for individual Chapter 13 protection on January 18, 2005. General Motors Acceptance Corporation ("GMAC") filed a Motion for Relief from stay against Debtor on March 4, 2005, and the Motion was granted on April 20, 2005. GMAC also filed this Motion for Relief from Codebtor Stay on March 4, 2005, and the Codebtor, Mrs. Angela Cockerham, filed a request to be heard on March 18, 2005. The Court held a hearing on the Motion on May 18, 2005. This Court has jurisdiction over this core proceeding under 28 U.S.C. § 157(b)(2)(G) and enters the following Findings of Fact and Conclusions of Law pursuant to Federal Rule of Bankruptcy Procedure 7052.

## FINDINGS OF FACT

Debtor and his wife, Mrs. Angela Cockerham, are codebtors on the obligation to GMAC. GMAC's claim is secured by a 2000 Chevrolet Silverado. The approximate amount due to GMAC at the time of filing was $19,174.52. In his Schedules, Debtor valued the Silverado at $15,000.00. In his Chapter 13 Plan and Motion, Debtor proposes to surrender the Silverado in satisfaction of the obligation.

AO 72A
(Rev. 8/82)

Debtor is a soldier in the United States Army, and he is currently serving his country in Iraq. Debtor and Mrs. Cockerham are separated. On February 7, 2005, the Superior Court of Liberty County issued a Temporary Order of Court directing Debtor to pay the obligation to GMAC and to put the Silverado in storage while he is deployed. On April 14, 2005, this Court entered an order lifting the automatic stay to allow Mrs. Cockerham to proceed with the divorce pending in Liberty County.

## CONCLUSIONS OF LAW

Section 1301 of the Bankruptcy Code stays any action by a creditor to collect a Chapter 13 debtor's consumer debt from any individual liable on the debt with the Chapter 13 debtor. This codebtor stay remains in effect until the case is closed, dismissed or converted to a case under chapter 7 or 11. 11 U.S.C. § 1301(a)(2). If a party in interest requests relief from the codebtor stay, a court must grant the relief to the extent that the debtor's plan proposes not to pay the claim. 11 U.S.C. § 1302(c)(2).

In the case before the Court today, Debtor proposes to surrender the collateral and make no payments to GMAC. For that reason, the Court must grant GMAC's request for relief from the codebtor stay. Mrs. Cockerham does not dispute that GMAC is entitled to relief from stay under the Bankruptcy Code; however, she argues that under non-bankruptcy law a stay should be extended to protect her pursuant to the Servicemembers Civil Relief Act (SCRA).

Debtor is on active duty in the United States Army; therefore, he is covered by the SCRA. 50 U.S.C. app. § 511. The SCRA is applicable in bankruptcy proceedings. 50 U.S.C. app.

§ 512. *See also* <u>Allfirst Bank v. Lewis</u> (<u>In re Lewis</u>), 257 B.R. 431, 435 (Bankr. D. Md. 2001). Under the SCRA, a court may on its own motion, and must upon request, stay a civil action or proceeding if certain conditions are satisfied. 50 U.S.C. app. § 522. Mrs. Cockerham argues that the Court has the discretionary power to extend the stay to protect her under Section 513 of the SCRA . Section 513(a) provides,

> Whenever pursuant to this Act [sections 501 to 596 of this Appendix] a court stays, postpones, or suspends (1) the enforcement of an obligation or liability, (2) the prosecution of any suit or proceeding, (3) the entry or enforcement of an order, writ, judgment, or decree, or (4) the performance of any other act, the court may likewise grant such a stay, postponement, or suspension to a surety, guarantor, endorser, accommodation maker, comaker, or other person who is or may be primarily or secondarily subject to the obligation or liability the performance or enforcement of which is stayed, postponed, or suspended.

Under the plain language of the statute, the protections provided to codebtors are contingent upon the protections being provided to the servicemember. Specifically, the statute provides that whenever a court stays an action under the SCRA, it may also stay the action against a codebtor. It seems that the protections extended to the codebtor should be consistent with the protections extended to the servicemember. *See* <u>In re Lewis</u>, 257 B.R. at 437. *See also* <u>Modern Indus. Bank v. Zaentz</u>, 29 N.Y.S.2d 969, 973 (N.Y. Mun. Ct. Sept. 15, 1941)("[B]efore [a codebtor] can secure a stay, it must first appear that a stay is already operative in favor of the obligor in military service."). A court should not use a statute designed to protect servicemembers to protect a codebtor while granting no protection to the servicemember. *See* 50 U.S.C. app. § 502.

This Court has not used the SCRA to stay the actions of GMAC against Debtor. In fact, the Court granted GMAC relief from stay on April 20, 2005. The Court cannot provide SCRA protection to Mrs. Cockerham because it did not provide SCRA protection to the servicemember.

## ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that GMAC's Motion for Relief from Codebtor Stay is GRANTED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 24th day of June, 2005.

cc: Debtor Cockerham/Cockerham
Debtor's Atty. Gastin/Pirkle
Creditor GMAC
Creditor's Atty. Hahn
Trustee Brown
U.S. Trustee

6/24/2005